IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **United States of America,** | |
| Plaintiff, | |
| v. | Case No. |
| **$12,258.00 in United States Currency,** | |
| Defendant. | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, Timothy A. Garrison, United States Attorney for the Western District of Missouri, and James Curt Bohling, Chief, Monetary Penalties Unit, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(6).

### THE DEFENDANT IN REM

2. The defendant $12,258.00 in United States currency was seized from Ramelus Bradley on August 21, 2015, at his residence in Columbia, Missouri. It is presently in the custody of United States Marshals Service in the Western District of Missouri.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action

for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. RAMELUS D. BRADLEY was well known to law enforcement in the Columbia, Boone County, Missouri, area as a multi-controlled substance trafficker. A Confidential Informant (CI) and a Confidential Source (CS), both contacted the Boone County Sheriff's Department (BCSD) and identified BRADLEY as a local drug dealer.

8. On July 23, 2015, law enforcement applied for and obtained a GPS tracker warrant from Boone County Circuit Court for BRADLEY's Ram

1500. The GPS tracker was installed on the Ram 1500 on July 28, 2015, and was activated at 12:02 a.m. on July 28, 2015.

9. Law enforcement officers performed physical and electronic surveillance of BRADLEY's Ram 1500, and observed him conducting numerous drug transactions in the Columbia area. On August 18, 2015, via electronic surveillance, officers observed BRADLEY travel to a single location in the Kansas City, Missouri, area. BRADLEY stayed at that location for a short period time (approximately 37 minutes), then drove back to Columbia. This type of activity is indicative of a drug dealer meeting with his source of supply and obtaining additional controlled substances.

10. On August 20, 2015, BCSD Detective Brandon Weber obtained a State search warrant for BRADLEY's residence in Columbia, Boone County, Missouri.

11. At approximately 9:04 a.m. on August 21, 2015, law enforcement officers executed the state search warrant at BRADLEY's residence. After officers knocked on the front door, announced their presence with a state search warrant, and received no response, a forced entry was made into the residence. Officers immediately saw BRADLEY (the sole adult occupant of the residence) standing in the living room in his underwear. Officers later determined that BRADLEY had been within arm's reach of three firearms at the time of their entry into the residence. Officers observed approximately 22 grams of marijuana at BRADLEY's feet on the living room floor in plain sight.

12. During the search of the residence, officers discovered and seized three firearms and ammunition from the living room, and one firearm

under a pillow on the bed in the upstairs master bedroom. Officers also seized $12,258.00 in United States currency from a pocket of BRADLEY's shorts lying next to the couch in the living room, and approximately 22 grams of marijuana on the living room floor. Officers also discovered items of mail addressed to BRADLEY at that address.

13. A search of BRADLEY's Ram 1500 discovered approximately 6.5 ounces of cocaine (field tested positive for cocaine), numerous unidentified pills, and marijuana, all of which had been pre-packaged for sale, as well as a digital scale with cocaine residue from inside the center console. Also found in the center console was a plastic bag containing a folded piece of paper and an unknown, yellowish-brown, liquid substance.

14. While the search was being executed, BRADLEY was read his *Miranda* rights in the patrol car where he was sitting, and he indicated that he understood his rights. During a post-*Miranda* statement, BRADLEY advised where all four of the firearms in the residence were located: two of them were hidden from plain view. BRADLEY stated that all four firearms had been obtained legally by his girlfriend, who lives with him. BRADLEY claimed ownership of the marijuana found at his feet in the living room, but denied any knowledge of the United States currency found in his shorts, or any of the controlled substances found inside the center console of his Ram 1500. BRADLEY admitted having been previously convicted of several felonies.

15. BRADLEY was transported to the Boone County Jail and processed. Afterward, starting on the date of his arrest, BRADLEY made

numerous calls to his girlfriend, Tiffany Smith, during which they discussed the following:

16. BRADLEY explained to Tiffany how to find and open a secret compartment/safe inside the Ram 1500. While they were on the phone, Tiffany following BRADLEY's instructions, opened the safe, confirmed that it had opened, at which point BRADLEY asked to speak with his father, Jerry Laverne Goldman, Sr. Goldman took the phone from Tiffany and spoke with BRADLEY. BRADLEY asked if his father could see the contents of the safe. Goldman confirmed his ability to view the contents, and BRADLEY told Goldman not to touch it unless he had the money for it. Goldman stated he would return it to who it belonged to, and BRADLEY told him not to do that because it belonged to BRADLEY. Based on this exchange, the United States believes that BRADLEY had some type of controlled substance hidden within the safe inside the Ram 1500.

17. During subsequent phone calls, BRADLEY, Tiffany and Goldman conspired to have Tiffany portion out the contents of the compartment to Goldman in order to obtain money for expenses.

18. On September 23, 2015, BRADLEY was indicted for possession with intent to distribute cocaine and being a felon in possession of a firearm. On October 18, 2017, the indictment against BRADLEY was superseded and he was charged with possession with intent to distribute cocaine and being a felon in possession of a firearm.

19. On February 14, 2018, a jury found BRADLEY guilty of all Counts.

20. On May 31, 2018, the court sentenced BRADLEY to 240 months imprisonment.

## CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF

21. The Plaintiff repeats and incorporates by reference the paragraphs above.

22. By the foregoing and other acts, defendant $12,258.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

23. The Plaintiff repeats and incorporates by reference the paragraphs above.

24. By the foregoing and other acts, defendant $12,258.00 in United States currency constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THIRD CLAIM FOR RELIEF

25. The Plaintiff repeats and incorporates by reference the paragraphs above.

26. By the foregoing and other acts, defendant $12,258.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq*., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

          Respectfully submitted,

          Timothy A. Garrison
          United States Attorney

By:   */s/ James Curt Bohling*
      James Curt Bohling, #54574
      Chief, Monetary Penalties Unit
      Assistant United States Attorney

      400 E. 9th Street, Fifth Floor
      Kansas City, Missouri 64106
      Telephone: (816) 426-3122
      E-mail: mailto:curt.bohling@usdoj.gov

## VERIFICATION

I, Special Agent Charles H. Tomlin, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the factual matters contained in paragraphs seven through twenty of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated   June 12, 2018              /s/ Charles H. Tomlin
                                   Charles H. Tomlin
                                   Special Agent
                                   Bureau of Alcohol, Tobacco,
                                   Firearms and Explosives

8

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

| | |
|---|---|
| **Plaintiff(s):** | **Defendant(s):** |
| First Listed Plaintiff: | First Listed Defendant: |
| United States of America ; | $12,258.00 in United States Currency ; |
| **County of Residence:** Boone County | **County of Residence:** Boone County |

**County Where Claim For Relief Arose:** Boone County

**Plaintiff's Attorney(s):**
Assistant United States Attorney James Curt Bohling ( United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:** 816-426-7173
**Fax:**
**Email:** curt.bohling@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
    **Plaintiff:** N/A
    **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 625 Drug-Related Seizure of Property (21 U.S.C. 881)

**Cause of Action:** The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3)

money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

**Requested in Complaint**

    **Class Action:**  Not filed as a Class Action

    **Monetary Demand (in Thousands):**

    **Jury Demand:**  No

    **Related Cases:**  Is NOT a refiling of a previously dismissed action

---

**Signature:** James Curt Bohling

**Date:**  6/13/18

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.